972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty KASSULKE, et al., Defendant-Appellant,
v.
Lafonda Fay FOSTER, Plaintiff-Appellee.
 No. 91-5851.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1992.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a decision of the district court refusing to lift a preliminary injunction. For the reasons which follow, we affirm.
 
 I.
 
 2
 Lafonda Fay Foster [Foster] brought an action for damages, injunctive relief and a declaratory judgment against various Kentucky penal officials under 42 U.S.C. § 1983. She alleged, among other things, that due to her confinement in Oklahoma she was being denied the effective assistance of counsel in the prosecution of her direct appeal of the death sentence she received in a Kentucky court. On June 7, 1989, the district court issued an order directing that Foster be returned to Kentucky and that she be confined in Kentucky until completion of her direct appeal to the Supreme Court of Kentucky. [Joint Appendix, [J.A.] pp. 51-66]. No appeal was taken from the district court's June 7 order.
 
 
 3
 On March 29, 1991, the Kentucky Corrections officials moved to lift the injunction. [J.A., pp. 84-92]. After a hearing, the district court declined to grant the motion. [J.A., pp. 94-109]. Instead, it modified the previous injunction, directing that:
 
 
 4
 ... the plaintiff remain in Kentucky until the conclusion of arguments before the Kentucky Supreme Court. If her conviction is affirmed and certiorari is denied by the United States Supreme Court, plaintiff shall be returned to Kentucky within forty-eight (48) hours after the date of the denial of the writ of certiorari to begin preparation of post-conviction appeals.[1]
 
 
 5
 [J.A., p. 109]. This appeal followed.
 
 II.
 
 6
 Because the Kentucky officials did not appeal from the grant of the preliminary injunction, the general rule is that they cannot now challenge the merits of the underlying injunction. Cerro Metal Products v. Marshall, 620 F.2d 964, 972 (3rd Cir.1980); See Merrell-Nat'l Labs., Inc. v. Zenith Labs., Inc., 579 F.2d 786, 791 (3rd Cir.1978). Rather, review should be confined to the propriety of refusing to vacate or modify it; the inquiry should be whether the Kentucky officials have demonstrated that changed circumstances make the continuation of the injunction inequitable. Winterland Concessions Co. v. Trela, 735 F.2d 257, 260 (7th Cir.1984).
 
 
 7
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are unable to say that the district court abused its discretion when it refused to lift the preliminary injunction it issued in 1989. Moreover, as the reasons why the preliminary injunction should not be lifted have been articulated by the district court, there is no reason for this court to issue an extensive written opinion. It is sufficient to simply state that Foster, who is facing the ultimate penalty, will obviously be irreparably harmed if the Kentucky officials do not insure that she has meaningful access to the Kentucky courts, said access being feasible only through effective assistance furnished by her Kentucky counsel.
 
 III.
 
 8
 For the foregoing reasons, we AFFIRM the decision of the late Chief United States District Judge Thomas A. Ballantine, Jr.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Foster was granted a new trial on the penalty phase of the bifurcated state proceedings by the Supreme Court of Kentucky on December 19, 1991. This action does not moot the questions presented here. Appellants' counsel candidly admitted during oral argument that if Foster was sentenced to death at her new trial she would again be transferred to the Oklahoma prison